## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Fireman's Fund Insurance Company,** as subrogee of Catholic Medical Center Healthcare System, <br> 777 San Marin Drive <br> Novato, CA 94998 <br><br> Plaintiff, <br><br> v. <br><br> **Yeaton Associates, Inc.** <br> 66 Jackson Street <br> Littleton, NH 03561 <br><br> -and- <br><br> **Harvey Construction Corp.** <br> 10 Harvey Road <br> Bedford, NH 03110 <br><br> -and- <br><br> Roger W. Dignard d/b/a <br> **Dignard Architectural Services** <br> 124 Bedford Center Road – Unit E <br> Bedford, NH 03110 <br><br> -and- <br><br> **Superior Fire Protection, Inc.** <br> 230 Londonderry Turnpike <br> Hooksett, NH 03106 <br><br> Defendants. | Civil Action No. |

## <u>COMPLAINT</u>

Plaintiff, Fireman's Fund Insurance Company, as subrogee of Catholic Medical Center

Healthcare System, through its undersigned counsel and for its Complaint against Defendants,

Yeaton Associates, Inc., Harvey Construction Corporation, Dignard Architectural Services, and Superior Fire Protection, Inc., avers as follows:

**PARTIES**

1.      Plaintiff, Fireman's Fund Insurance Company, as subrogee of Catholic Medical Center Healthcare System, is a corporation, organized and existing under the laws of the State of California, with its principal place of business at 777 San Marin Drive, Novato, CA 94998.

2.      At all times material hereto, Plaintiff was authorized to issue insurance policies in the State of New Hampshire.

3.      At all times material hereto, Defendant Yeaton Associates, Inc. was a corporation, organized and existing under the laws of the State of New Hampshire, with its principal place of business at 66 Jackson Street, Littleton, NH 03561.

4.      At all times material hereto, Defendant Harvey Construction Corporation was a corporation, organized and existing under the laws of the State of New Hampshire, with its principal place of business at 10 Harvey Road, Bedford, NH 03110.

5.      At all times material hereto, Defendant Roger W. Dignard was doing business as Dignard Architectural Services, with a principal place of business at 124 Bedford Center Road, Unit E, Bedford, NH 03110.

6.      At all times material hereto, Defendant Superior Fire Protection, Inc. was a corporation, organized and existing under the laws of the State of New Hampshire, with its principal place of business at 230 Londonderry Turnpike, Hooksett, NH 03106.

**JURISDICTION AND VENUE**

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the amount in controversy exceeds $75,000, exclusive of the interest and costs of this action.

8.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claim occurred in this District.

## FACTUAL ALLEGATIONS

9.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

10.     At all times material hereto, Plaintiff's insured, Catholic Medical Center Healthcare System, owned the property located at 27 Londonderry Turnpike in Hooket, New Hampshire ("Subject Property").

11.     At all times material hereto, Plaintiff provided insurance to Catholic Medical Center Healthcare System for the Subject Property pursuant to policy number DXJ80957064 ("Policy").

12.     Prior to September 17, 2014, Defendants performed work at the Subject Property.

13.     On information and belief, Defendant Dignard Architectural Services provided architectural, design, and/or engineering services during construction of the Subject Property.

14.     On information and belief, Defendant Yeaton Associates, Inc. provided heating, ventilation, and air-conditioning design and/or installation services during construction of the Subject Property.

15.     On information and belief, Defendant Superior Fire Protection, Inc. installed a fire suppression system in the Subject Property.

16.     On information and belief, Defendant Harvey Construction Corporation installed heating equipment in the Subject Property.

17.     Prior to September 17, 2014, a suspended heater was installed in the Subject Property's vestibule.

18.     The suspended heater ("Subject Heater") was in close proximity to a temperature-sensitive sprinkler head that was part of the Subject Property's fire suppression system ("Subject Sprinkler Head").

19.     The Subject Sprinkler Head was designed to open in response to the elevated temperatures produced by a fire.

20.     On September 17, 2014, heat from the Subject Heater caused the Subject Sprinkler Head to open.

21.     When the Subject Sprinkler Head opened, the Subject Property's fire suppression discharged water.

22.     The water flooded the Subject Property, causing substantial damage.

23.     Plaintiff's insured submitted a claim to Plaintiff for the damage caused by the September 17 water loss.

24.     Pursuant to the terms of the Policy, Plaintiff paid its insured $169,255.04 for the damage caused by the September 17 water loss.

25.     By virtue and to the extent of its payments, in accordance with the common law principles of legal and equitable subrogation, as well as the terms of the Policy, Plaintiff is legally and equitably subrogated to its insured's right to recovery from Defendants.

**COUNT I – NEGLIGENCE**
**AGAINST DEFENDANT YEATON ASSOCIATES, INC.**

26.     Plaintiff incorporates the paragraphs preceding Count I as if fully set forth herein.

27.     Defendant Yeaton Associates, Inc. had a duty to exercise due care when performing work at the Subject Property.

28.     Defendant Yeaton Associates, Inc. breached its duty to exercise due care when performing work at the Subject Property.

29.     The September 17 water loss and resulting damage to the Subject Property were the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and omissions of Defendant Yeaton Associates, Inc. and/or its agents and/or employees, acting within the scope of their employment, as follows:

A.      Improperly installing the Subject Heater;

B.      Improperly designing the Subject Property's heating, ventilation, and air conditioning system;

C.      Failing to properly coordinate the installation of the Subject Property's heating, ventilation, and air conditioning system with other work performed in the Subject Property;

D.      Installing the Subject Heater too close to the Subject Sprinkler Head;

E.      Allowing the Subject Heater to be installed too close to the Subject Sprinkler Head; and

F.      Exposing the Subject Property to an unreasonable risk of water damage.

30.     As the direct and proximate result of these negligent, careless, and/or reckless acts and/or omissions, Plaintiff's insured suffered damage.

WHEREFORE, Plaintiff demands a judgment holding Defendant Yeaton Associates, Inc. jointly and severally liable in the amount of $169,255.04, together with interest, the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT II – NEGLIGENCE
## AGAINST DEFENDANT HARVEY CONSTRUCTION CORPORATION

31.     Plaintiff incorporates the paragraphs preceding Count II as if fully set forth herein.

32.    Defendant Harvey Construction Corporation had a duty to exercise due care when performing work at the Subject Property.

33.    Defendant Harvey Construction Corporation breached its duty to exercise due care when performing work at the Subject Property.

34.    The September 17 water loss and resulting damage to the Subject Property were the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and omissions of Defendant Harvey Construction Corporation and/or its agents and/or employees, acting within the scope of their employment, as follows:

A.    Improperly installing the Subject Heater;

B.    Failing to properly coordinate the installation of the Subject Heater with other work performed in the Subject Property;

C.    Installing the Subject Heater too close to the Subject Sprinkler Head;

D.    Allowing the Subject Heater to be installed too close to the Subject Sprinkler Head; and

E.    Exposing the Subject Property to an unreasonable risk of water damage.

35.    As the direct and proximate result of these negligent, careless, and/or reckless acts and/or omissions, Plaintiff's insured suffered damage.

WHEREFORE, Plaintiff demands a judgment holding Defendant Harvey Construction Corporation jointly and severally liable in the amount of $169,255.04, together with interest, the costs of this action, and such other relief as deemed just and proper under the law.

**COUNT III – NEGLIGENCE**
**AGAINST DEFENDANT DIGNARD ARCHITECTRUAL SERVICES**

36.    Plaintiff incorporates the paragraphs preceding Count III as if fully set forth herein.

6

37.     Defendant Dignard Architectural Services had a duty to exercise due care when performing work at the Subject Property.

38.     Defendant Dignard Architectural Services breached its duty to exercise due care when performing work at the Subject Property.

39.     The September 17 water loss and resulting damage to the Subject Property were the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and omissions of Defendant Dignard Architectural Services and/or its agents and/or employees, acting within the scope of their employment, as follows:

A.      Improperly designing the Subject Property;

B.      Improperly installing the Subject Heater;

C.      Improperly designing the Subject Property's fire suppression system;

D.      Improperly designing the Subject Property's heating, ventilation, and air conditioning system;

E.      Specifying the incorrect type of sprinkler head for use in the Subject Property's fire suppression system;

F.      Failing to properly coordinate the installation of the Subject Heater with other work being performed in the Subject Property;

G.      Installing the Subject Heater too close to the Subject Sprinkler Head;

H.      Allowing the Subject Heater to be installed too close to the Subject Sprinkler Head; and

I.      Exposing the Subject Property to an unreasonable risk of water damage.

40.     As the direct and proximate result of these negligent, careless, and/or reckless acts and/or omissions, Plaintiff's insured suffered damage.

WHEREFORE, Plaintiff demands a judgment holding Defendant Dignard Architectural Services jointly and severally liable in the amount of $169,255.04, together with interest, the costs of this action, and such other relief as deemed just and proper under the law.

**COUNT IV – NEGLIGENCE**
**AGAINST DEFENDANT SUPERIOR FIRE PROTECTION, INC.**

41.     Plaintiff incorporates the paragraphs preceding Count IV as if fully set forth herein.

42.     Defendant Superior Fire Protection, Inc. had a duty to exercise due care when performing work at the Subject Property.

43.     Defendant Superior Fire Protection, Inc. breached its duty to exercise due care when performing work at the Subject Property.

44.     The September 17 water loss and resulting damage to the Subject Property were the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and omissions of Defendant Superior Fire Protection, Inc. and/or its agents and/or employees, acting within the scope of their employment, as follows:

A.     Improperly installing the Subject Property's fire suppression system;

B.     Improperly installing the Subject Sprinkler Head;

C.     Using the incorrect type of sprinkler head in the Subject Property's fire suppression system;

D.     Failing to properly coordinate the installation of the Subject Property's fire suppression system with other work being performed in the Subject Property;

E.     Installing the Subject Sprinkler Head too close to the Subject Heater;

F.     Allowing the Subject Heater to be installed too close to the Subject Sprinkler Head; and

G.     Exposing the Subject Property to an unreasonable risk of water damage.

45.     As the direct and proximate result of these negligent, careless, and/or reckless acts and/or omissions, Plaintiff's insured suffered damage.

WHEREFORE, Plaintiff demands a judgment holding Defendant Superior Fire Protection, Inc. jointly and severally liable in the amount of $169,255.04, together with interest, the costs of this action, and such other relief as deemed just and proper under the law.

Respectfully submitted,

FIREMAN'S FUND INSURANCE COMPANY

By Its Attorneys,


Dated: 10/18/2016                          */s/ John P. Sherman*
                                           JOHN P. SHERMAN, ESQUIRE
                                           NH Bar No. 12536
                                           SHERMAN LAW, PLLC
                                           155 Fleet Street
                                           Portsmouth, NH 03801
                                           (603) 570-4837


Of Counsel:
Christopher H. Boyle, Esq.
Cozen O'Connor
1650 Market Street – Suite 2800
Philadelphia, PA 19103
(215) 665-2068
Fax: (215) 253-6778
chboyle@cozen.com